**Ralph P. BLUNT, Plaintiff-Appellant,**

v.

**Norman C. PARKER, et al., Defendants-Respondents.**

**No. 34753.**

Missouri Court of Appeals, St. Louis District.

May 1, 1973.

Rehearing Denied June 8, 1973.

London & Greenberg, Lawrence J. Fleming, St. Louis, for plaintiff-appellant.

George F. Gunn, Jr., St. Louis County Counselor, Andrew J. Minardi, Associated County Counselor, Clayton, for defendants-respondents.

McMILLIAN, Judge.

This is an appeal by Ralph P. Blunt from a judgment of the Circuit Court of the County of St. Louis which sustained the decision of the Board of Police Commissioners, St. Louis County, hereinafter referred to as the Board, wherein the Board: (1) found that the appellant had violated certain provisions of the St. Louis County Police Department's Rules and Regulations, Code of Discipline and Ethics; and (2) approved the action of the

Superintendent of Police in dismissing the appellant from the St. Louis County Police Department.

In a letter dated December 14, 1971, the appellant was notified by the Superintendent of Police that his services as a patrolman with the St. Louis County Police Department were being terminated as of that date. The Superintendent's letter charged that the investigation of a complaint filed against the appellant by one Gloria Hoffmann had revealed certain conduct by the appellant that violated specific provisions of the Departmental Rules and Regulations, Code of Discipline and Ethics. The Superintendent's letter set out the provisions of the Code of Discipline and Ethics that the appellant was alleged to have violated and the specifications of conduct.[1] The appellant appealed the Superintendent's action to the Board of Police Commissioners. The Board, after holding an evidentiary hearing at which seven witnesses testified and numerous exhibits were introduced into evidence, issued its Findings of Fact and Determination which affirmed the Superintendent's dismissal of the appellant. Appellant sought a review of that ruling pursuant to § 536.010 et seq., RSMo 1969, V.A.M.S., by the Circuit Court of St. Louis County. The trial court found that there was competent and substantial evidence on the whole record to support the Board's finding. We reverse in part.

The record indicates that on November 16, 1970, the Desk Sergeant at the main headquarters of the St. Louis County Police Department was contacted by telephone by one Gloria Hoffmann. In the course of their conversation Miss Hoffmann made certain allegations against Officer Ralph P. Blunt and further stated that she wished to make a formal complaint against Officer Blunt. Miss Hoffmann appeared at the St. Louis County Police Department headquarters that same day and registered her complaints against Officer Blunt with the Desk Sergeant. The filing of this complaint by Miss Hoffmann prompted an investigation by the Police Department of the allegations contained in that complaint. This investigation included interviews with the complainant and appellant, among others.

The record and evidence shows that Officer Blunt met Miss Hoffmann in May or June of 1969. This relationship was initially a casual one but after a year developed into a "love" relationship. From June of 1969 until October, 1970, Officer Blunt was married, although from February, 1970 to October, 1970, he was separated from his wife and lived alone. Officer Blunt testified that Miss Hoffmann was a

1. "Paragraph 6.11 'Discreditable Conduct, that is to say, if he acts in a manner prejudicial to discipline or tending to bring discredit on the reputation of the Department.'
SPECIFICATIONS:
"That you did consort with a female subject not of the legal age of consent and who you knew had a prior history of barbituates and/or amphetamine usage.
"Paragraph 6.14 'Neglect of Duty, that is to say, if he: (h) omits to make any necessary entry in any official documents or book'
"SPECIFICATIONS:
"That through your continuing familiarity and cohabitation with said female you did allow Department-owned property, specifically your service revolver, mace, and identification credentials, plus your personally owned weapon, to become vulner-

able and subject to theft, and that you did fail to immediately report said theft to your superiors.
"Paragraph 6.23 'Damage to Clothing or Other Articles Supplied: that is to say, if he: wilfully or by carelessness causes any waste, loss or damage to any article of clothing or accoutrement, or to any book, document, equipment or other property of the Department of the County issued to him or used by him or entrusted to his care.'
"SPECIFICATIONS:
"That through your negligence, the Department-owned service revolver, which was resultantly recovered by the Division of Inspectional Services, required replacement of the firing pin. The Department-owned mace has not been recovered to date."

frequent overnight guest at his apartment and kept clothing, personal effects and her dog in his apartment. Miss Hoffmann also had a key to Blunt's apartment. Officer Blunt and Miss Hoffmann both denied having had sexual intercourse, however, Miss Hoffmann did admit to police investigators that she and Blunt had had "intimate relations." She refused to elaborate on that statement.

It appears from the record that during the course of the relationship between Miss Hoffmann and Blunt, Miss Hoffmann was not of the legal age of consent. Patrolman Blunt stated that he believed that Miss Hoffmann was 18 years old when he first met her and that he had seen Miss Hoffmann's Missouri operators license which listed her date of birth as 1952. Miss Hoffmann stated to the police investigators that she had lied to Blunt about her age .and that she had, in fact, been born on January 10, 1954.

The record discloses that on the night of November 14, 1970, or the early morning of November 15, 1970 Miss Hoffmann, after an argument with appellant and while appellant was asleep, removed his personal revolver and car keys from his apartment and drove off with appellant's car. On November 15, 1970, Officer Blunt contacted Miss Hoffmann and she returned his car to him the next day, but while Blunt was attempting to retrieve his personal revolver from the trunk of his car, Miss Hoffmann entered his apartment and removed from his closet his police department issued revolver, mace, mace holder, holster and cartridge case. Miss Hoffmann took appellant's service revolver to a friend who either removed or tampered with the firing pin. The service revolver, the leather mace holder, the holster and cartridge belt were eventually turned over to police investigators by Miss Hoffmann. The mace, the cartridge case and Blunt's personal revolver were never recovered. Based upon these facts, the Superintendent of Police dismissed appellant from the St. Louis County Police Department for vio-

lating three sections of the Code of Discipline and Ethics, of the Department's Rules and Regulations.

■ Respondent claims that constitutional provisions, Mo. Art. VI, § 18(b) and Art. V, § 22 V.A.M.S.; St. Louis County Charter provisions, Art. IV, §§ 4.270 7(3) and 4.280 and St. Louis County Ordinance, § 701.050 4. and 701.070 8. SLRCO 1964, as amended, preclude this court and the trial court from reviewing the Board of Police Commissioners' decision in this matter. Respondent's argument is basically that this court and the trial court lack jurisdiction to review the Board's decision under § 536.010 et seq., RSMo 1969, V.A.M.S., because § 4.280 of the St. Louis County Charter provides that the decision of the Board in determining appeals from the Superintendent in all cases of disciplinary action "shall be final and conclusive" and as such, direct review by the courts, as outlined in Art. V, § 22, Mo.Const.1945, is altered "as provided by law" and the court's power to review is thus abrogated by the County Charter provision since that provision provides for review. Respondent cites Brogoto v. Wiggins, 458 S.W.2d 317 (Mo. 1970) to support this argument. In discussing the legislative intention behind the Administrative Procedure Act, the Court in the Brogoto case stated that the Act's provision providing for *judicial* review of an administrative decision did not apply where ". . . 'some other provision for *judicial* review is provided by statute.'" (Emphasis added.) The Charter provisions cited by respondent make no mention of, nor do they provide for, any type of "judicial review." As such, the trial court did, and this Court may, properly review the Board's decision under § 536.010 et seq., RSMo 1969, V.A.M.S.

■ Appellant contends that the trial court erred in affirming the decision of the St. Louis County Board of Police Commissioners in that there was no competent and substantial evidence of record sufficient to sustain the charges and specifica-

tions against the appellant. Since this appeal falls within the ambit of the Administrative Procedure Act, Chapter 536, the scope of our review is limited to those matters enumerated in § 536.140. And, with regard to the Board's findings of facts our review, as was the trial court's, is restricted to ascertaining whether the Board could have reasonably made its findings and reached its result upon consideration of all the evidence before it whether the Board's decision was clearly contrary to the overwhelming weight of the evidence. City of Kirkwood v. Missouri State Bd. of Mediation, 478 S.W.2d 690, 693 (Mo.App.1972); McCallister v. Priest, 422 S.W.2d 650 (Mo.1968); Johnson v. Priest, 398 S.W.2d 33 (Mo.App.1965).

■ The Board found that there was substantial evidence that the appellant had violated Paragraph 6.11 "Discreditable Conduct" in that he had acted in a manner prejudicial to discipline or tending to bring discredit on the department and that the Superintendent had "acted within reasonable judgment" in dismissing the appellant. The trial court, in reviewing this violation, stated that "Officer Blunt's relationship with Miss Hoffmann was not mere private conduct on his part but had become well known to numerous other persons. The knowledge of the association and relationship between Officer Blunt and Miss Hoffmann to others together with the open and notorious overnight visitations of Miss Hoffmann is conduct which is prejudicial to discipline and tends to bring discredit on the reputation of the St. Louis County Police Department." Based largely upon the admission of the appellant, we are in agreement with the trial court that there is competent and substantial evidence on the whole record to support the Board's finding that Officer Blunt violated Paragraph 6.11 of the Department's Code of Discipline and Ethics.

■ As a second grounds for dismissal the Superintendent charged that appellant had violated Paragraph 6.14(h) "Neglect of Duty" of the Department's Rules and Regulations, Code of Discipline and Ethics. Paragraph 6.14(h) states that it is neglect of duty to "omit to make any necessary entry in any official documents or book." The specifications of conduct alleged that appellant had violated this provision by failing to immediately report the theft of department-issued property to his superiors. The trial court affirmed the finding of the Board on this point based on the premise that Officer Blunt, as a police officer, had a duty to report all thefts promptly. We would certainly not quarrel with the trial court's statement of a police officer's duty to report criminal acts, however, we are of the opinion that the specifications of conduct and the evidence presented on this charge do not demonstrate that the failure to report a theft is covered by Paragraph 6.14(h). The specifications and evidence fail to indicate what type of entry was necessary and into what official documents or book the entry had to be made. It is not clear to this court what appellant was actually charged with. We are of the opinion that the specifications of conduct and the evidence to support that conduct fail to support a finding that the appellant had violated Paragraph 6.14(h). Competent and substantial evidence on the record as a whole is lacking on this point.

Appellant was further charged with violating Paragraph 6.23 "Damage to Clothing or Other Articles Supplied: that is to say, if he: wilfully or by carelessness causes any waste, loss or damage to any article of clothing or accoutrement . . . equipment or other property of the Department of the County issued to him or used by him or entrusted to his care." The specifications of conduct alleged that through Blunt's negligence, his police department-owned revolver was damaged and required the replacement of the firing pin and that the department-owned mace issued to him was lost. The trial court found that Officer Blunt was negligent in that he left Miss Hoffmann "alone in his apartment

knowing that she had just previously taken his personal off-duty revolver, automobile and car keys without his consent" and thus "enabled her to remove from Officer Blunt's possession and control his Department issued revolver, mace, mace holder, swivel holster, and cartridge case. The course of conduct by Officer Blunt who had previous knowledge of the propensities of Miss Hoffmann, constituted carelessness on his part which resulted in damage to the Department issued revolver and loss of department issued mace and cartridge case."

We cannot agree with the holding of the trial court that there is competent and substantial evidence on the record to show that appellant carelessly caused "any waste, loss or damage to any article of clothing or accoutrement, . . . equipment or other property . . ." issued to him by the Department. The trial court found Officer Blunt was negligent "in leaving Miss Gloria Hoffmann alone in his apartment knowing that she had just previously taken his personal off-duty revolver, automobile and car keys without his consent."

The record indicates that Miss Hoffmann was left alone in Officer Blunt's apartment while Officer Blunt attempted to retrieve his off-duty revolver from the trunk of his car which Miss Hoffmann had just returned. The record further indicates that when Miss Hoffmann returned Blunt's car to him on November 16, 1970, she fully intended to remove his service revolver and probably the Department issued equipment from his apartment and had, in fact, taken steps to insure that she would be left alone in the apartment for some time. Miss Hoffmann testified: "Well he asked for his gun, and I told him it was in the trunk, and I gave him the key to the trunk, and I knew that he would ask for it when I came in, so I took a little fuse from the inside of the car and I mashed it inside the trunk so he wouldn't be able to get in for a little while, I thought he would be out there with that, but he came back too fast, and I couldn't get everything out of the house. . ."

The record clearly indicates that Miss Hoffmann remained alone in the appellant's apartment for a very short period of time, probably only three or four minutes at the most. During this time Miss Hoffmann removed appellant's Department-issued equipment from the closet in his bedroom and left the premises. During the time Miss Hoffmann was left alone appellant was attempting to verify the return of his off-duty revolver. Appellant's car was parked in front of his apartment while he attempted to get into the trunk of his car. Given these circumstances and the statements and actions of Miss Hoffmann, it is hard to envision how the appellant was negligent as alleged in the specification of conduct. We are of the opinion that the record fails to reveal competent and substantial evidence to sustain a finding that appellant violated Paragraph 6.23 of the Department's Rules and Regulations, Code of Discipline and Ethics.

In conclusion we find that the trial court erred in sustaining the finding of the Board as to Paragraphs 6.14 and 6.23 of the Department's Rules and Regulations since neither paragraph was supported by substantial evidence. We further find that the trial court was correct in its ruling upholding the Board as to Paragraph 6.11. Accordingly, we affirm in part and reverse in part with directions. The trial court is directed to set aside its affirmance of the Board's decision pertaining to Paragraphs 6.14 and 6.23 of the Department's Rules and Regulations. The trial court's judgment sustaining the Board's decision as to Paragraph 6.11 is affirmed. It is further ordered that the trial court refer the cause back to the Board for its further consideration in light of our decision in order for the Board to reconsider its disposition for one charge rather than three.

Accordingly, judgment is affirmed in part, and reversed in part, with directions.

WEIER, P. J., and CLEMENS, J., concur.