Willie J. MOORE, Plaintiff-Appellant,

v.

BOARD OF EDUCATION OF the SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY et al., Defendants-Respondents.

No. 36758.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 1, 1977.

Howard & Singer, Raymond Howard, Jr., Kenneth Singer, St. Louis, for plaintiff-appellant.

Ziercher, Hocker, Tzinberg, Human & Michenfelder, George J. Bude, Clayton, for defendants-respondents.

McMILLIAN, Presiding Judge.

The Board of Education of the Special School District of St. Louis County, after a hearing, terminated the indefinite contract of permanent teacher Willie J. Moore based on findings of incompetency, inefficiency, insubordination and wilful violation of district rules and regulations. The circuit court of St. Louis County affirmed the board's decision, and this appeal followed.

Appellant raises two points on this appeal: First, the court erred in finding and holding that the school authorities complied with the "meet and confer" requirement of § 168.116(2), RSMo 1969. Second, the court erred in denying appellant's constitutional right to procedural due process in his termination proceedings because the board misinterpreted its role in the hearing, acting as prosecutor and not as an impartial trier of fact. We affirm.

As appellant does not challenge the sufficiency of the evidence to support the board's findings, we briefly outline the facts. The board's action against appellant followed approximately one-and-one-half years of dissatisfaction with his teaching performance by the school authorities. Appellant was notified of this dissatisfaction by a formal evaluation report at the end of the 1972–73 school year—to which an informal and more candid evaluation was attached—and during conferences and discussions with appellant's principal, Dr. Green; his assistant principal, Mr. Tucker; and Dr. Kidd, the assistant superintendent of the district. As a result, appellant received no salary increase for the ensuing 1973–74 school year. Subsequent failure to improve culminated in a written warning dated March 8, 1974. The letter warned that appellant should cease certain enumerated actions and improve areas of teaching deficiencies. More specifically, the letter stated that appellant had "failed to properly provide for student learning needs, . . ." citing examples, " . . . displayed com-

plete inability to maintain discipline, . ." citing incidents, " . . . failed to follow administration directions by allowing students to leave class before the bell sounded, . . . left the cafeteria when . . . on duty . . . sent . . . children to gym even though an announcement was made that there would be no gym class, and [had] permitted children to leave classroom for recess even though it was not recess time." In addition, the letter warned appellant that he had violated school rules and regulations regarding inflicting corporal punishment on students.

On April 18, 1974, formal charges were filed against appellant. Pursuant to § 168.-114, RSMo 1969, which states grounds for termination of an indefinite teaching contract, the board charged appellant with incompetency, inefficiency and insubordination, restating the examples and incidents cited in the March 8, 1974 letter with particularity. A subsequent letter dated April 30, 1974, informed appellant that formal charges were also filed regarding his use of corporal punishment.

Appellant was given a public hearing in accordance with his request. On June 28, 1974, the board adopted the following written decision terminating the indefinite contract of appellant:

"BE IT RESOLVED, that in consideration of the evidence adduced at a hearing before this Board of Education on June 12, 1974, it is the decision of the Board of Education of the Special School District of St. Louis County that the contract of Willie J. Moore be terminated and the same is hereby terminated effective immediately for the following reasons, to-wit:

"A. He was incompetent, inefficient and insubordinate in the line of duty in that;

"1. he failed to properly provide for student learning needs even though on many occasions he was instructed to do so;

"2. he displayed complete inability to maintain discipline; and

"3. he failed to follow administration directions.

"B. He wilfully violated and failed to obey the written and published rules and regulations of the District by inflicting corporal punishment on students."

Appellant thereupon filed a timely notice of appeal in accordance with § 168.120, RSMo 1969. On December 20, 1974, the circuit court dismissed the appeal. Two grounds for the decision were identified. The court found that the board's findings resulting in appellant's termination were supported by competent and substantial evidence and were not against the overwhelming weight of the evidence. The court further found that the notice and "meet and confer" requirements of the Teacher Tenure Act had been complied with. This appeal followed.

Appellant's first point on appeal is that the conclusion that the school authorities complied with the "meet and confer" requirement of § 168.116(2) was not supported by competent and substantial evidence. Section 168.116(2), reads as follows:

"At least thirty days before service of notice of charges of incompetency, inefficiency, or insubordination in line of duty, the teacher shall be given by the school board or the superintendent of schools warning in writing, stating specifically the causes which, if not removed, may result in charges. Thereafter, both the superintendent, or his designated representative, and the teacher shall meet and confer in an effort to resolve the matter."

The statute, therefore, requires two specifics before the filing of formal charges of incompetency, inefficiency or insubordination. " . . . One, the teacher must be given a written warning, stating with particularity the defects in the teacher's performance. Two, the superintendent or his designated representative must meet with the teacher and make a good faith effort to remedy the defects." *Merideth v. Board of Ed. of Rockwood R–6 Sch. Dist.*, 513 S.W.2d 740, 750 (Mo.App.1974) and *Pollard v. Board*

*of Ed. Reorg. Sch. Dist. No. III, Platte County,* 533 S.W.2d 667, 670 (Mo.App.1976).

With regard to the second statutory requirement, that of a meeting to cure the defects, appellant argues that the superintendent and his designated agents did very little, if anything, to help appellant correct his teaching deficiencies after the March 8, 1974 warning letter.

■ Because resolution of this question involves the determination of what meetings and discussions were held and their content, we must look to the record, viewing the evidence in a light most favorable to the board. In reviewing an administrative decision on evidentiary grounds, the court considers all evidence before the board, but its inquiry is limited. The reviewing court may only determine whether the board could reasonably have made its findings and reached its result or whether the decision was clearly contrary to the overwhelming weight of evidence. *Blunt v. Parker,* 495 S.W.2d 708, 712 (Mo.App.1973). The court may not substitute its judgment on the evidence and may not set aside the board's decision unless it is not supported by competent and substantial evidence on the whole record. In addition, the evidence must be considered in a light most favorable to the board's decision, together with all reasonable inferences which support it. *Harrod v. Board of Ed., City of St. Louis,* 500 S.W.2d 1, 6 (Mo.App.1973). If the evidence before an administrative body would warrant either of two opposed findings the reviewing court is bound by the administrative determination and it is irrelevant that there is supportive evidence for the contrary finding. *Hanebrink v. Parker,* 506 S.W.2d 455, 458 (Mo.App.1974). Also the determination of the credibility of the witnesses is a function of the administrative tribunal. *Hanebrink v. Parker,* supra; *Merideth v. Board of Ed. of Rockwood R–6 Sch. Dist.,* supra. *Board of Education, Mt. Vernon Schools, Mt. Vernon v. Shank,* 542 S.W.2d 779 (Mo. banc 1976).

■ When the testimony before the board is considered in light of these principles, we conclude that the circuit court did not err in holding that the school authorities had complied with the statute. Appellant's superintendent, Dr. Spurgeon, testified that he designated appellant's supervisor and department head to meet with appellant regarding the charges. The record shows a meeting was held, to which appellant filed a written reaction. Further, appellant's principal, the assistant principal, and the assistant superintendent discussed appellant's teaching deficiencies with him after the March 8, 1974 warning letter. Most of the complaints in the warning letter were not new to appellant; there had been several discussions and attempts by the principal to help appellant during the prior 1972–73 school year, even going so far as to arrange that appellant's students for the 1973–74 school year were predetermined to present less serious discipline problems than the students of the foregoing year. Based on the record, we believe the school authorities did comply with the statutory "meet and confer" requirement.

Appellant's second contention concerns his complaint that he was denied his constitutional right to procedural due process in the termination proceedings because the board misinterpreted its role at the hearing, acting as a prosecutor and not as an impartial trier of fact. Appellant relies on statements by the chairman of the board, Mr. Harrington, at the outset of the proceedings to the effect that Mr. Tzinberg, the attorney representing the superintendent filing the charges, was "our [respondent's] attorney."

■ Under our Teacher Tenure Act, the board of education alone has the dual role of presenting the charges and sitting in judgment of those charges. § 168.114–168.-116, R.S.Mo.1969. The mere fact that the same agency makes the initial charge and then makes the ultimate adjudication, does not alone result in a due process violation. *Withrow v. Larkin,* 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 186 (1975) and *Rose v. State Bd. of Registration for the Healing Arts,* 397 S.W.2d 570 (Mo.1965).

■ There is a strong presumption in favor of the validity of an administrative

determination. We will not assume that such a body was improperly influenced absent clear and convincing evidence. *Saunders v. Reorg. Sch. Dist. No. 2 of Osage County,* 520 S.W.2d 29, 36 (Mo.1975); *Mitchell v. City of Springfield,* 410 S.W.2d 585 (Mo.App.1966).

We have read through the record carefully and find that the board acted fairly and well within its discretionary powers. Appellant has failed to present any clear evidence of any actual bias or prejudgment on the part of the board. The preliminary remarks made by Mr. Harrington did not result in a denial of appellant's right to procedural due process.

Accordingly, judgment is affirmed.

STEWART, J., and ALBERT L. RENDLEN, Special Judge, concur.