Betty L. CONDER,
Petitioner-Respondent,

v.

BOARD OF DIRECTORS OF WINDSOR SCHOOL, Consolidated District No. 1 of Jefferson County, Missouri, Respondent-Appellant.

No. 39299.

Missouri Court of Appeals,
St. Louis District,
Division No. 1.

April 25, 1978.

Motion for Rehearing and/or Transfer
Denied June 8, 1978.

Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, P. C., Jack C. Stewart, Hillsboro, for respondent-appellant.

Piedimonte & Cochran, Thomas D. Cochran, Joe F. Willerth, Independence, for petitioner-respondent.

McMILLIAN, Judge.

Appellant, Board of Directors of Windsor School, Consolidated District No. 1, Jefferson County (Board) appeals from a judgment of the Jefferson County Circuit Court reversing Board's decision to terminate the contract of respondent Betty L. Conder's employment as a teacher in the school district.

For reversal of the court's decision Board argues that the court erred in finding that Board's decision was clearly against the weight of the evidence and was not supported by competent and substantial evidence on the whole record and was arbitrary, capricious, unreasonable, and an abuse of discretion. We agree and reverse and remand with instructions to the trial court to reinstate the decision of the Board.

■ The procedure for the termination of a tenured teacher is found in §§ 168.114, 168.116, 168.118 and 168.120.[1] Section 168.-120 provides that appeals from the decision of the Board shall be governed by Chapter 536. Section 536.140 states the scope of review in such cases, limiting inquiry to a determination of whether the action of the agency

" * * *

"(3) Is unsupported by competent and substantial evidence upon the whole record;

* * * * * *

"(6) Is arbitrary or capricious;

"(7) Involves an abuse of discretion."

The court is not permitted under § 536.-140(5) to substitute its discretion for discretion legally vested in the agency.

In the fall of 1975 respondent began her sixth year as a third grade teacher. In 1972 the school principal found that respondent had had problems with respect to efficiency and competency. Conferences were held with respondent over the next four years. It was decided by the school principal and superintendent that the respondent's work must improve during 1975–76 school year, if she was to remain at the school.

On September 10, 1975, the principal delivered a letter to respondent outlining instances of respondent's failure to observe daily teaching schedules and to keep students at work. Subsequent failure to improve resulted in a written warning. On February 4, 1976, the superintendent served upon respondent a notice of specific causes which would result in termination if not corrected. The superintendent indicated that this letter was the thirty day notice required by § 168.116 before charges of incompetency, insufficiency and insubordination could be made.

On March 17, 1976, the superintendent charged respondent with incompetency and inefficiency under § 168.116. The charges were based on deficiencies which included respondent's disorganized course planning, poor evaluation of student grades and her uncooperative attitude. Respondent requested a hearing which was held on April 28, 1976, and May 6, 1976. Nineteen witnesses were subpoenaed for respondent and respondent was represented by counsel.

After receiving the transcript of the hearing, the Board entered findings of fact, conclusions of law and an order terminating respondent's employment. Respondent received a copy of these findings on May 20, 1976, and filed her appeal in the circuit court of Jefferson County. On May 20, 1977, the circuit court entered judgment finding that appellant was a "tenured teacher" and that the decision of the Board was arbitrary, capricious and unreasonable, and ordered that respondent be reinstated with back pay.

1. All statutory references, unless otherwise indicated, are to RSMo 1969.

■ The first point on appeal is that the judgment of the trial court should be affirmed because the decision of the Board of Directors to discharge respondent was against the overwhelming weight of the evidence and was not supported by competent and substantial evidence upon the whole record. The scope of judicial review of an administrative decision is limited. *Merideth v. Board of Education of Rockwood R–6 School District*, 513 S.W.2d 740, 745 (Mo.App.1974), expresses this limitation:

". . . The reviewing court may only determine whether the board could reasonably have made its findings and reached its result or whether the decision was clearly contrary to the overwhelming weight of the evidence. *Blunt v. Parker*, 495 S.W.2d 708, 712 (Mo.App.1973). The court may not substitute its judgment on the evidence and may not set aside the board's decision unless it is not supported by competent and substantial evidence on the whole record. In addition, the evidence must be considered in a light most favorable to the board's decision, together with all reasonable inferences which support it. *Harrod v. Board of Education, City of St. Louis*, 500 S.W.2d 1, 6 (Mo.App.1973). If evidence before an administrative body would warrant either of two opposed findings, the reviewing court is bound by the administrative determination, and it is irrelevant that there is supportive evidence for the contrary finding. *Hanebrink v. Parker*, 506 S.W.2d 455, 458 (Mo.App.1974). Also the determination of the credibility of the witnesses is a function of the administrative tribunal. *Hanebrink v. Parker*, supra, 458."

■ Aside from the standard enumerated in *Merideth*, supra, there is a strong presumption of validity in favor of the administrative decision and a reluctance by the court to interfere with such discretion. *Aubuchon v. Gasconade County, R–1 Sch. Dist.*, 541 S.W.2d 322, 326 (Mo.App.1976). The courts may not usurp the discretionary powers of a school board. *Johnson v. Branch*, 364 F.2d 177, 181 (4th Cir. 1966).

Guided by the above standard, we now consider the evidence. Evidence of the board shows that on many occasions respondent did not adhere to her teaching schedule; that she failed to follow school policies; that the teacher evaluation reports for 1975–76 enumerated many areas of respondent's teaching which were unsatisfactory or needed improvement; that she could not discipline her students and that she was uncooperative in discussing problems with superiors. As explained in *Saunders v. Reorganized School Dist. No. 2 of Osage Cty.*, 520 S.W.2d 29, 35 (Mo.1975), ". . . no one denies the power of a School Administration to establish a curriculum and require its use; nor do any of the authorities justify the action of a teacher in rejecting in whole or in part the curriculum and calendar established by the School Administration. . . ."

■ Contrary to the trial court's findings, we find there was substantial evidence to support the board's findings and no overwhelming evidence to the contrary.[2] "Mere minor contradictions or confusion in the testimony of a witness do not require that the evidence be disregarded, but the credibility and meaning of it is for the trier of fact. . . ." *Saunders v. Reorganized*

---

**2.** In order to establish the charge of incompetency, inefficiency, the board had to demonstrate a "lack of ability, legal qualification or fitness to discharge the required duty." See Black's definition of incompetency in Law Dictionary, p. 906. See also *McCallister v. Priest*, 422 S.W.2d 650, 657 (Mo.1968) which states the definition of inefficiency as "The quality of being incapable of doing, or indisposed to do, the things required of an officer."

There was substantial evidence to support the finding that respondent was incompetent and inefficient. For example, respondent's grading system reflected uniform grades for all students, as well as an absence of reported grades during many quarters. Her grading system was totally erratic. There is evidence showing that respondent did not adhere to her planned teaching schedule as she considered it poor teaching to "stick to a schedule" despite the school policies requiring such schedules. There is further evidence of respondent's inability to maintain an organized classroom and organized instruction.

*Sch. Dist. No. 2 of Osage Cty.,* supra, at 37. Although there was some evidence contrary to the board's, this cannot provide a basis for reversal. The board could reasonably have concluded that respondent was inefficient and incompetent. The board's findings and decision were supported by competent and substantial evidence and were not against the overwhelming weight of the evidence.

The second point on appeal is that the decision of the trial court to reinstate with back pay should be affirmed because the decision of the board was arbitrary, capricious and unreasonable under the evidence as a whole and amounts to an abuse of discretion. This contention has no merit. All of the procedural requirements of sections 168.116, 168.118, 168.120 have been met. As discussed above, there was substantial evidence to support the board's decision and the decision was not against the overwhelming weight of the evidence. We, therefore, cannot find that the decision was arbitrary, capricious or an abuse of discretion. That the school board acted reasonably is evidenced by its provision of numerous opportunities for the respondent to improve herself. In March of 1975 the principal and superintendent held conferences with respondent to encourage her and suggest ways to improve her teaching. On September 10, a conference was held with the respondent wherein her attitude evidenced uncooperative behavior. On February 4, 1976, the superintendent served respondent with a 30-day notice. This letter offered assistance to respondent in correcting her deficiencies. After the warning letter, respondent again met with the principal and superintendent who made an effort to assist her. This evidence provides no ground for finding that the board acted unreasonably.

Judgment is reversed and the case remanded with directions to reinstate the decision of the board.

CLEMENS, P. J., and SMITH, J., concur.