**Maurice E. WATERS, Appellant,**

v.

**MERIT SYSTEM COMMISSION OF JACKSON COUNTY, Missouri, Respondent.**

**No. KCD 29803.**

Missouri Court of Appeals,
Kansas City District.

Aug. 28, 1978.

Roger W. Penner, Howard D. Lay, Griffin, Dysart, Taylor, Penner & Lay, P. C., Kansas City, for appellant.

Willard B. Bunch, County Counselor, Michael F. Dandino, Assoc. County Counselor, Kansas City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

The termination of Maurice Waters as an employee of Jackson County was affirmed on his appeal to the Jackson County Merit System Commission. Waters appealed to the circuit court, and the Commission's action was affirmed. On appeal from the circuit court Waters contends there was a lack of competent and substantial evidence to support a finding that his termination was a budgetary layoff and that certain rules for reclassification of positions had not been followed in making the termination. Affirmed.

Waters had been employed by the County for eight years as the Operations Supervisor in the Data Processing Division. His duties involved computer production, data entry and the distribution and control of documents submitted by various County departments. He offered evidence before the Commission, to show he had performed well in his job. Robert Carver, Manager of the Division of Data Processing and Waters' supervisor, testified before the Commission that his department had experienced a 60% personnel turnover since 1971. To remedy the turnover problem he requested and obtained an increase in his department budget for the year 1976 to provide pay raises. He stated the 1976 budget was $30,-000 more than the 1975 budget but provided

for only 27 positions rather than 32. He stated further that four positions which were vacant would not be filled, thus leaving one employee in excess of the budgeted number. To accomplish the reduction of one employee, Carver consolidated the responsibilities and duties of the Software Programmer III position with those of the Operations Supervisor. To fill the new position, Carver testified it was necessary to decide between Waters, the Operations Supervisor, and Pete Enna, the Software Programmer III. Carver stated the new position required strong qualifications in the area of computer software. Because Enna had such qualifications whereas Waters did not, Carver's decision was to retain Enna and terminate Waters.

 The scope of review of administrative agency decisions was recently stated in *Moore v. Board of Education of the Special School District of St. Louis County*, 547 S.W.2d 188, 191[1–4] (Mo.App.1977). No useful purpose would be served by simply repeating the well known rules stated there. Suffice it to say this court may only determine whether or not the administrative agency "could reasonably have made its findings and reached its result or whether the decision was clearly contrary to the overwhelming weight of evidence." Further, this court may not set aside the administrative decision "unless it is not supported by competent and substantial evidence on the whole record."

 In asserting the lack of substantial and competent evidence to support a finding his termination was for budgetary reasons, Waters argues only the total budgetary increase of $30,000 for the Data Processing Division in 1976 over 1975. However, this ignores Carver's testimony that he was upgrading salaries to combat a 60% personnel turnover. It also ignores Carver's testimony regarding the necessity of terminating one employee and the requisite qualifications in the software area which led him to retain Enna over Waters. There was competent and substantial evidence to support the finding the termination of Waters was for budgetary reasons and not for any reasons condemned by the Jackson County Merit System.

 Waters next contends the County was required to reclassify his position before he could be terminated and reclassification procedures required by the Merit System were not followed. Carver testified the positions occupied by Waters and Enna were consolidated. The Commission found this to be true. Thus, the testimony of Carver constituted competent and substantial evidence the positions had been consolidated and no impermissible reclassification had been accomplished.

The judgment is affirmed.

All concur.