Verne & Betty BRONESTINE, Gary & Frances Ludwig, Meloy & Theresa Stahl, and Roger & Nancy Tiemann, Plaintiffs-Appellants,

v.

Emery GEISENDORFER, Glenn Welch, Charles Florea, John Lillard, Gerald Sutter, Richard Cottrell, as Members of Lewis County C–1 School Board, and Thurman Willet, Superintendent of Schools of Lewis County C–1 District, Defendants-Appellees.

No. 43057.

Missouri Court of Appeals, Eastern District, Division Three.

March 10, 1981.

Howard L. Snowden, LaGrange, for plaintiffs-appellants.

Marion F. Wasinger, Wasinger, Parham & Morthland, Hannibal, for defendants-appellees.

CRIST, Presiding Judge.

Summary judgment action.

This case involves actions taken by the Lewis County C–1 District School Board to reassign pupils within the district to a different attendance site within the district. The Circuit Court of Lewis County, Missouri, granted summary judgment against appellants (hereinafter "plaintiffs") on their petition by which they sought to enjoin the school board from taking such action, or more accurately, to nullify or reverse it, pursuant to § 536.150, RSMo.1978. We affirm the grant of the summary judgment.

Prior to the 1980–81 school year the Lewis County C–1 District School Board maintained, among others, a school facility in the City of LaGrange for Kindergarten through eighth grade classes, and a facility in the

City of Lewistown, approximately 18 miles from LaGrange, for seventh and eighth grades only.

At the invitation of Superintendent Thurman Willet, a review staff of employees, of the Missouri State Department of Elementary and Secondary Education (hereinafter "review staff"), visited all the school buildings in the district, reviewed the management of the district, reported their findings and made recommendations to the school board. The subsequent decision by the school board to assign all seventh and eighth graders to the Lewistown Junior High School was pursuant to this study.

On March 12, 1980, the C–1 District School Board voted to transfer the seventh and eighth grade students, approximately sixty-seven in number, from the LaGrange facility, to the Lewistown, Missouri Grade School, some twenty-three miles away.

On March 24, 1980, eight parents, affected by the decision of the board, brought this suit to enjoin the school board from making the transfer of students. Plaintiffs' petition alleged that the transfer of the students to Lewistown was unreasonable, arbitrary, capricious and an abuse of discretion in that: (1) the school building in Lewistown was in an inferior condition to that of LaGrange; (2) the children would needlessly waste eight to ten hours per week on a school bus; (3) there would be additional costs to the school board; (4) the school facility at LaGrange would be less efficient because of reduced enrollment; and (5) the quality of the teaching would be reduced.

Defendants filed a motion for summary judgment, with two affidavits attached, stating that, based upon the attached affidavits and the petition of plaintiffs there was no material issue of fact to be determined. Plaintiffs then filed two counter-affidavits. The material was submitted to the trial court upon defendants' petition for the summary judgment, the affidavits, and the counter-affidavits.

With reference to plaintiffs' allegation that the school building at Lewistown was in an inferior condition to that of La-Grange, the defendants' affidavit proved the contrary. Plaintiffs did not counter defendants' affidavit except to show that the LaGrange building was a two-story building with fire exits, and that both stories would be used whether or not part of the students were transferred to Lewistown.

Plaintiffs' allegation that the children would needlessly waste eight to ten hours per week on the school bus is of no consequence. Bussing school children has become a way of life. The evidence was that the distance LaGrange pupils would have to travel each day was approximately 47 miles round trip. This fact does not render the school board's action arbitrary, capricious, and unreasonable.

Plaintiffs' allegation that the school facility at LaGrange would be less efficient because of reduced enrollment is unfounded, conclusory, and irrelevant.

With reference to plaintiffs' allegation that the quality of the teaching would be reduced, defendants' denial of this allegation in their affidavit is supported by evidence in the study of the C–1 School District. Plaintiffs' allegation is conclusory, and is not supported by the evidence.

The only disputed fact, presenting a possible issue, is the cost of the transfer of students from LaGrange to Lewistown. The question presented is two-fold: Have plaintiffs proved that additional expenses of $1,974.00 would be incurred as a result of the transfer and, would this additional cost, if proved, render the school board's decision unreasonable, arbitrary, and capricious? We think not.

A summary judgment should not be granted unless there is no genuine issue of material fact. Rule 74.04(c). Defendants must show, by unassailable proof, that they are entitled to judgment as a matter of law. Rule 74.04(h). Without regard to defendants' contention that plaintiffs have no standing to bring this suit, we hold that the summary judgment was properly given, because there is no genuine issue of material fact presented by plaintiffs' petition.

The decision of the school board to assign all seventh and eighth grade students to the Lewistown School was the performance of a discretionary function lawfully delegated by the Legislature. Section 171.011, RSMo.1978 directs the school board to establish an adequate number of elementary schools. The power to manage and organize the schools within a district is vested in the school board. Section 171.011, RSMo.1978. The decision of whether or not to maintain facilities for seventh and eighth grade students at LaGrange falls within this broad discretionary power. See, *Corley v. Montgomery*, 46 S.W.2d 283, 226 Mo.App. 795 (1932). The court may not disturb discretionary decisions of school boards and substitute its judgment. Section 536.150, RSMo.1978; *Conder v. Board of Directors of Windsor School*, 567 S.W.2d 377, 378 (Mo. App.1978). It is only in the rare case where the pleader alleges sufficient facts to show that the school board has acted in an unreasonable, arbitrary, and capricious manner that the courts may interfere. Chapter 536, RSMo.; *Shepherd v. St. Louis County Board of Education*, 542 S.W.2d 55, 58 (Mo. App.1976); *Smith v. Consolidated School District No. 2*, 408 S.W.2d 50, 53 (Mo. banc 1966).

In the case at bar, assuming it would cost an additional $1,974.00 to transfer the students to Lewistown, this allegation is not sufficient to show that the school board acted unreasonably, arbitrarily, and capriciously.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.