STATE ex rel. VIBURNUM C–4
SCHOOL DISTRICT,
Relator-Appellant,

v.

IRON COUNTY BOARD OF EDUCA-
TION and Wayne Wheeler, Robert
Brand, Brian Phegley, Virginia Frenzel,
Clarence Rhodes, and John Ricketts, In-
dividual Members of the Iron County
Board of Education, Respondents,

and

Tom Worley and Judy Worley, His Wife,
Richard Conaway and Beverly L. Cona-
way, His Wife, and Jerry Briggs and
Joyce Briggs, His Wife, Intervenors-Re-
spondents.

No. 11568.

Missouri Court of Appeals,
Southern District,
Division Three.

April 27, 1981.

Duane E. Schreimann, Hendren & An-
drae, Jefferson City, for relator-appellant.

Alan Harriss, Ironton, for respondents.

Paul L. Bell, Steelville, for intervenors-
respondents.

PREWITT, Judge.

Viburnum C–4 School District appeals
from a circuit court judgment approving
the assignment of five school children by

the Iron County Board of Education (Board) from the Viburnum C–4 School District to the Steelville R–3 School District pursuant to § 167.121, RSMo 1978.

Section 167.121, RSMo 1978, provided for assignment of pupils to another district if a pupil "is so located that a school in another district is more accessible". Assignments under the statute are to be considered on an individual basis and its purpose is to alleviate hardship or inconvenience to a particular family. *Sturgess v. Guerrant*, 583 S.W.2d 258, 263 (Mo.App. 1979). The determination that a school in another district is more accessible to a pupil is not solely a matter of geography. *State ex rel. Shepherd v. St. Louis County Board of Education*, 542 S.W.2d 55, 58 (Mo.App. 1976); *Haymart v. Freiberger*, 498 S.W.2d 590, 593 (Mo.App.1973). It depends upon the existence or nonexistence of various pertinent facts other than just distances and the application of the statute to those facts. *State ex rel. Shepherd v. St. Louis County Board of Education*, supra, 542 S.W.2d at 58.

Appellant contends that the trial court erred because (1) its "decision was against" the weight of the evidence and not supported by substantial evidence in that the evidence adduced at the hearing failed to show the existence of the several factors necessary for a finding that the Steelville R–3 School District is more accessible to the children than the Viburnum School, and (2) the Board did not properly exercise its discretion in applying the accessibility standard set forth in § 167.121, RSMo 1978, because its members "failed to ascertain the legal interpretation" of accessible and were thus unaware of the factors to be considered in determining if the Steelville School was more accessible to the students.

We first consider point one. The children involved are Rachel Worley, grade 5, Rebecca Worley, kindergarten, Rodney Conaway, grade 5, Christopher Briggs, grade 5, and Deborah Briggs, grade 2. All of the students live on Seven Cedars Road in the Viburnum School District. Viburnum's bus picks up the children at their homes be-

tween 7:10 a. m. and 7:15 a. m. and delivers them home by 4:15 p. m. The bus travels over state and county maintained roads. If the students were to go to the Steelville School its bus would pick them up between 7:30 a. m. and 7:40 a. m. and deliver them home between 3:47 p. m. and 3:57 p. m.

The father of Rodney Conaway testified that the difference in mileage to the schools of about 30 miles a day was the main reason motivating the assignment request for his son. There was evidence that riding the bus makes the child sick and that his parents could pick him up from Steelville school activities on their way home from work.

The Briggs' children's parents testified that their children would be better able to participate in extracurricular activities at the Steelville School. They stated that because of the distance to the Viburnum School it is impossible for their children to participate in school activities outside the regular school hours but that they could participate in those activities if they were in the Steelville School.

The father of the Worley girls testified that Steelville is about 20 miles closer and that he comes through there on his way home from work. His daughter Rachel can be in girl scouts if she attends school at Steelville and can walk to her grandmother's house there after the scout meetings where he can pick her up on his way home from work. His wife testified that their older daughter had gotten sick from riding the bus to Viburnum and that because of the distance to Viburnum the children could not participate in girl scouts and other activities there, but would be able to in Steelville.

We believe that there was substantial evidence to support a finding that the Steelville School was more accessible. While distance may not be the only thing which determines accessibility, it certainly is a factor. We think that the Steelville Schools being much closer, combined with the other factors in evidence, sufficiently supported the trial court's determination.

We also do not believe that the judgment should be disturbed as being against the weight of the evidence. An appellate court should exercise the power to set aside a judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the decree or judgment is wrong. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). We have no such firm belief here. Point one is denied.

■ We now consider point two. The Board was apparently unaware of the cases interpreting § 167.121 RSMo 1978. However, if they did consider proper factors then that lack of knowledge would not have affected their decision. There was evidence that in making the assignments the Board considered the longer bus ride, sometimes when road conditions would be hazardous; the availability of bus transportation to both schools; that it would be easier for the children to participate in extracurricular activities in the Steelville Schools; and that the bus rides to and from Viburnum lasted too long for the children. Proximity, road hazards, and availability of school services are factors to be considered in determining accessibility. *State ex rel. Seidl v. Jefferson County Board of Education*, 548 S.W.2d 853, 856 (Mo.App.1977); *Haymart v. Freiberger,* supra, 498 S.W.2d at 592–593. It is true that the Board considered all of the children who lived on Seven Cedars Road together, rather than individually. However, their situations were essentially the same, and the evidence supported the Board's determination that Steelville was more accessible to each. While the Board may have been unaware of court decisions construing this section, it appears that the board members properly considered the evidence before them. One does not have to know the law to proceed in a correct manner and we think that is what the Board did here. The record justified the trial court in finding that proper factors were considered. Point two is denied.

The judgment is affirmed.

All concur.