Max O. ELROD, Jr., Plaintiff,

v.

HARRISONVILLE CASS R–IX SCHOOLS, Defendant.

No. 81–0786.

United States District Court,
W.D. Missouri, W.D.

Dec. 22, 1982.

George E. Kapke, Independence, for plaintiff.

Robert R. Raymond, Kansas City, for defendant.

ORDER

BARTLETT, District Judge.

Plaintiff was employed under a Teacher's Indefinite Term Employment Contract with the defendant Harrison Cass R–IX Schools (hereafter District) at a salary of $23,375.00 for the 1981–82 school year. Plaintiff was assigned as an assistant principal for three years prior to signing the contract for the

**108**

1981–82 school year. In March 1981 the Board of Education for the defendant District (hereafter Board) voted to move the ninth grade to the senior high school for the following school year. Because of this reorganization and because of the strained financial condition of the district, on June 18, 1981, the Board voted to eliminate the position of full-time assistant principal, the position to which plaintiff was assigned. The following day Dr. Gerald L. Cook, superintendent of the District, notified plaintiff by letter that he had been placed on unrequested leave of absence pursuant to § 168.124 RSMo and advised him by telephone that he had the option, by reason of his status as a tenured teacher, to take a position as a teacher of social studies. Plaintiff was offered such a position but at a salary set at the appropriate step on the teacher salary schedule, which was $18,775.00.

Plaintiff contends that he could not be placed on unrequested leave pursuant to § 168.124 RSMo because there were probationary teachers holding positions for which he was qualified. Plaintiff argues that he was merely transferred from one position to another, a power which he concedes the District had. However, plaintiff objects to changing the amount of his *compensation* when his duties were changed from assistant principal to tenured teacher. Plaintiff states that he "does not seek judicial review of the defendant's action." [Plaintiff's Suggestions in Opposition to Defendant's Motion to Dismiss filed November 18, 1981, at p. 2 (hereafter Plaintiff's Suggestions).]

Federal courts are courts of limited jurisdiction. 28 U.S.C. § 1343 provides in pertinent part:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by

any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . . .

Plaintiff has brought this action under 42 U.S.C. § 1983 which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

■ Plaintiff has not made any allegations in his complaint or other pleadings which could be construed as constituting a violation of either plaintiff's right to equal protection of the law or any rights secured by the Fifth Amendment. Plaintiff contends that he was denied procedural and substantive due process under the Fourteenth Amendment. Plaintiff bears the burden of demonstrating that his termination was for an impermissible reason. *Buhr v. Buffalo Public School Dist. No. 38,* 509 F.2d 1196, 1203, n. 8 (8th Cir.1974) (hereafter *Buhr*). "But the range of interests protected by procedural due process is not infinite." *Board of Regents v. Roth,* 408 U.S. 564, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972) (hereafter *Roth*). The requirements of procedural due process apply only to a deprivation of "property" or "liberty" interests. *Roth,* 408 U.S. at 569, 92 S.Ct. at 2705; *Perry v. Sinderman,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) (hereafter *Sinderman*). Plaintiff is not contending that there is a "liberty" interest involved here. "The plaintiff's Complaint alleges he was denied a property right." [Plaintiff's Suggestions at p. 2.]

■ In order to have a "property" interest protected by procedural due process, [A] person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expec-

tation of it. He must, instead, have a legitimate claim of entitlement to it. . . .

Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement.

*Roth,* 408 U.S. at 577, 92 S.Ct. at 2709.

Whether plaintiff had a property interest and the nature of any property interest depends on the terms of plaintiff's employment contract with defendant and the Missouri statutes governing the employment of teachers and administrators.

Although plaintiff's attempts to package this dispute with constitutional paper and ribbon it is essentially a claim by plaintiff that his contract was breached. His dispute with the defendant is,

> [The] District simply and unilaterally elected not to live up to the terms of their teaching contract. They simply and unilaterally elected to pay Mr. Elrod approximately Six Thousand and No/100 ($6,000.00) Dollars less than the contract provided. That unilateral reduction in the contract figure constitutes a taking of property without due process of law.

Reply to Second Supplemental Suggestions of Defendant, filed April 16, 1982, page 2. [By the Court's calculation the difference in the compensation was $4,600. See Exhibits B and E of Defendant District's Answers to Plaintiff's Interrogatories, filed Aug. 6, 1982.]

 Important state law questions must be resolved to determine what rights plaintiff had under his employment contract and whether defendant was justified in reducing the salary provided in the contract when plaintiff was transferred. For instance, did plaintiff, with a tenured teacher's contract but assigned as an administrator, have the protection of the Teacher Tenure Act? If so, when plaintiff was transferred to a teaching position could the Board reduce the compensation provided in plaintiff's contract in order to make it con-

sistent with the salary schedule applicable to all other teachers in the District? Does § 168.124 RSMo authorize a District faced with financial difficulties to transfer administrators with permanent teacher contracts to teaching positions and reduce their salaries? What effect, if any, does the opinion in *Fuller v. North Kansas City School Dist.,* 629 S.W.2d 404 (Mo.App.1981) have on the resolution of plaintiff's claim?

Obviously the answers to these questions and possibly others will determine whether plaintiff's contract with the District was breached. Furthermore, the answers to these state law questions would be helpful, if not determinative, of any constitutional claims as well. Whether the Board's action was arbitrary depends on whether it was in conformity with state law which can only be known after the state law questions suggested above are answered.

In his concurring opinion to *Sindermann* and *Roth,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570, Chief Justice Burger observed:

> Because the availability of the Fourteenth Amendment right to a prior administrative hearing turns in each case on a question of state law, the issue of abstention will arise in future cases contesting whether a particular teacher is entitled to a hearing prior to nonrenewal of his contract. If relevant state contract law is unclear, a federal court should, in my view, abstain from deciding whether he is constitutionally entitled to a prior hearing, and the teacher should be left to resort to state courts on the questions arising under state law.

The Eighth Circuit Court of Appeals and the Supreme Court have approved abstention where the controlling state law is uncertain.

> The paradigm case for abstention arises when the challenged state statute is susceptible of "a construction by the state courts that would avoid or modify the [federal] constitutional question." * * * More fully, we have explained: "Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination

of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication. * * * The doctrine * * contemplates that deference to state court adjudication only be made where the issue of state law is uncertain." *Harman v. Forssenius,* 380 U.S. 528, 534, [85 S.Ct. 1177, 1181, 14 L.Ed.2d 50] . . . (1965) [Citations omitted.]

*Edwards v. Arkansas Power & Light Co.,* 683 F.2d 1149, 1156 (8th Cir.1982) (quoting *Lake Carriers' Assoc. v. MacMullan,* 406 U.S. 498, 511, 92 S.Ct. 1749, 1757, 32 L.Ed.2d 257 (1972)).

The determination by Missouri courts of whether the defendant had the authority under Missouri law to transfer plaintiff and reduce his salary could resolve the federal constitutional question in this case. The resolution of this question could have a far-reaching effect on employees of school districts in Missouri. Furthermore, Missouri provides an adequate remedy for plaintiff's essential claim, *i.e.,* that his employment contract was breached. See, *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). State courts can protect fully any constitutional rights plaintiff can establish were violated after the state law questions are resolved. Therefore, because of the determinative nature of these state law questions, and the fact that the resolution of these questions could avoid or modify any possible constitutional issue in this case, abstention is appropriate in this case.

The interference of the federal courts in the administration of the state school districts in this instance is unwarranted. Therefore, the Court will abstain from exercising jurisdiction. This case is dismissed without prejudice.

IT IS SO ORDERED.