**James H. LONG, Appellant-Respondent,**

v.

**ST. FRANCOIS COUNTY SCHOOL DISTRICT, R–1, Respondent-Appellant.**

**Nos. 47414, 47456.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 10, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied May 17, 1984.

Application to Transfer Denied
June 19, 1984.

Joseph J. Russell, Cape Girardeau, for appellant-respondent.

Darold E. Crotzer, Jr., Clayton, for respondent-appellant.

REINHARD, Judge.

The genesis of this action was the school board's termination of plaintiff as principal. Both parties appeal after the trial court determined that a prior judicial holding effectively reinstated plaintiff as principal and that he subsequently occupied that position until his valid termination in 1982.

In February, 1976, plaintiff was a certified teacher who had been employed for more than five years as principal in one of defendant's schools. On February 12, 1976, the school board notified plaintiff by letter that he would not be re-employed as principal, but would be retained as a teacher during the 1976–1977 school year. Plaintiff requested a statement of reasons for the decision. The Board complied by sending him a letter which cited plaintiff's inconsistent application of the student discipline policy and his failure to supervise, assign or discipline teachers fairly.

Plaintiff subsequently requested a hearing concerning his termination. At the hearing, plaintiff provided evidence of his qualifications for the principal position. The Board provided no evidence to support its decision, but after hearing plaintiff's witnesses, confirmed its decision not to re-employ him as principal.

Thereafter, plaintiff filed a petition in the circuit court for review of the Board's decision, hereinafter referred to as Case No. 26018. He challenged the conduct of the hearing and requested that the court order his re-employment for the 1976–1977 school year. For reasons not in the record, no determination was made in this case until January 9, 1981. On that date, the court concluded that the hearing was deficient in that it failed to establish that the Board's action was supported by competent and substantial evidence. Consequently, the court ordered that "defendant shall consider plaintiff employed as principal for the school year 1976–1977."[1] The court's order concerned only the hearing procedure.

Defendant chose not to appeal, an unfortunate decision since on May 4, 1981 our brethren in the Western District decided *Duncan v. Reorganized School District No. R–1*, 617 S.W.2d 571 (Mo.App.1981). In considering a non-metropolitan school district's termination of a principal employed more than five years, the court in *Duncan* clearly distinguished between a discharge under § 168.116.1, RSMo. 1978, and § 168.101.6, RSMo. 1978.

In this regard, the structure of Section 168.101.6 stands in sharp contrast to that of Section 168.116.1. The latter section dealing with the rights of tenured teachers, states that "[t]he indefinite contract of a permanent teacher may not be terminated by the board of education *until after* service upon the teacher of written charges specifying with particularity the grounds alleged to exist for termination of such contract, notice of a hearing on charges and a hearing by the board of education on charges if requested by the teacher." [Emphasis added] Thus it is seen that a termination of a *tenured* teacher's contract cannot be accomplished under the specific wording of the statute until after reasons are given and a hearing has been held. Furthermore, Section 168.116.4 provides that if the decision to terminate a tenured teacher is appealed and the decision is reversed, "the teacher shall be paid his salary lost during the pending of the appeal." Still further, Section 168.120.4 provides that if the circuit court finds for the teacher, "he shall be restored to permanent teach-

---

1. On January 23, 1981, plaintiff filed motion to modify the judgment in Case No. 26018. Plaintiff sought entry of an order directing his reinstatement as principal in years subsequent to the 1976–1977 school year. The court overruled the motion, stating that it was bound by the relief requested.

er status and shall receive compensation for the period during which he may have been suspended from work...."

No parallel provisions are contained in the statute for the benefit of an untenured nonmetropolitan principal. Section 168.101, according to its terms provides for a summary decision by the Board whether or not to reemploy the principal, and that decision becomes effective upon notice from the board to the principal. The provisions of subsection 6 for a statement of reasons and a hearing are simply post-determination and do not delay the effectiveness of the determination already made. This analysis of Section 168.101.6 was made in *Williams v. Board of Ed., Cass R–VIII Sch. Dist.,* [573 S.W.2d 81], *supra* at p. 85 [Mo. App.1978] which holds that a principal entitled to the protections of that section "may be terminated by simple notice" and that the notice method there provided requires only that "the school authority shall merely inform the employee 'of demotion or lack of reemployment on the same terms and in the same position' in order to effectuate nonrenewal of employment."

*Duncan v. Reorganized School District No. R–1,* 617 S.W.2d at 573–74.

Thus, the trial court, in Case No. 26018, erred in its decision; however, since no appeal was taken, the decision stands. It is the effect of that decision that produced the lawsuits at issue in the current appeals. During the 1976–1977 school year, plaintiff served as a teacher in defendant's system. No specific notice of non-renewal as a principal was given between that of February 12, 1976 and April 8, 1982. Each year however, plaintiff received a modification of his contract as a teacher, which he signed. He continued to serve as teacher, not principal, at the time of the second hearing.

Subsequent to the trial court's ruling in January, 1981, plaintiff filed two lawsuits. In the first, he claimed that since he had in effect been reinstated and no notice of termination had thereafter been given, he was entitled to backpay as principal from 1976. The second suit was a petition for review of the Board's action in 1982. With notice of termination being raised in the damage suit, the Board sent plaintiff a letter of termination for the 1982–1983 school year. After another hearing and adverse ruling by the Board, plaintiff filed the petition for review.

Both cases were consolidated and heard on January 10, 1983. The court found that the second hearing was proper and that plaintiff was terminated as principal in the 1982–1983 year. As to the other issue, in its findings of fact and conclusions of law, the trial court found plaintiff entitled to the difference in principal and teacher pay from the 1976–1977 to the 1979–1980 school year. In reaching this conclusion, the court held that the legal effect of the Case No. 26018, read in conjunction with § 168.-101 was to reinstate plaintiff as principal. Therefore the court reasoned that the school board must give a second notice to plaintiff before taking action and such notice was only provided in April, 1982. No damages were allowed from the 1979–1980 school year on, because plaintiff did not mitigate his damages by accepting an offer of a comparable position with the Hillsboro School District for the 1979–1980 school year.

The court awarded plaintiff damages of $21,186.00 plus interest and ordered defendant to make additional contributions to the Teacher's Retirement Fund. Both parties appeal the damages and plaintiff appeals the court's ruling that he was terminated as principal in 1982. Our ruling on plaintiff's damage suit renders the appeal from the petition for review of the 1982 hearing moot.

The defendant admits that, absent mitigation, its failure to appeal the ruling in Case No. 26018 obligates it to pay plaintiff the difference between his 1976–1977 principal and teacher salaries. As to this school year, we find the issue of mitigation, as did the trial court, against defendant. There is no evidence that plaintiff failed to

mitigate damages for the 1976–1977 school year.

Plaintiff's right to recovery for any school year subsequent to 1976–1977 is premised upon his claim that he failed to receive notice of non-retention as a principal by April 15 of any of the subsequent years. Plaintiff's position as principal was terminated as of the end of the 1975–1976 school year; the notice of February 12, 1976 accomplished that result. At no time has plaintiff challenged the adequacy of that notice and we believe that by implication the judgment in Case No. 26018 recognizes the sufficiency of the notice. For the next five years, while plaintiff's petition for review challenging the hearing phase of the termination process languished in the trial court, plaintiff received annual notification of his continuing teacher's contract.[2]

The effect of the Case No. 26018 ruling was not to restore plaintiff to a functioning role as principal but rather, because of the court's perceived procedural deficiencies, to create a cause of action in the plaintiff for defendant to compensate him for his losses during the 1976–1977 school year.

That portion of the trial court's order allowing damages is reversed except for the school year 1976–1977.[3] We reverse and remand for a determination of damages for the school year 1976–1977.

Reversed and remanded.

DOWD, C.J., and CRIST, J., concur.

---

2. Plaintiff's deposition testimony, which was incorporated into the trial record, also establishes that prior to April 15, 1977, plaintiff received notification that he would serve in a teaching capacity during the 1977–1978 school year.

3. For the intellectually curious, has the statute of limitations run on teacher's claim by not asserting it until 1981? *See Perkins v. Schicker,* 641 S.W.2d 432 (Mo.App.1982). Defendant has not raised this point.