Raymond M. INMAN, Plaintiff–Appellant,

v.

REORGANIZED SCHOOL DISTRICT NO. II OF HAYTI, Missouri, et al., Defendants–Respondents.

No. 17305.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 26, 1991.

Diane C. Howard, Limbaugh, Russell & Syler, Cape Girardeau, for plaintiff-appellant.

James E. Reeves, Ward & Reeves, Caruthersville, for defendants-respondents.

MAUS, Judge.

The essence of the amended petition of plaintiff Raymond M. Inman is as follows. He was hired "as a teacher" by defendant Reorganized School District No. II of Hayti, Missouri, on January 1, 1971. He was reemployed by four annual probationary teacher's contracts and then by successive annual indefinite Teacher's Employment Contracts. On February 15, 1989, he was advised that the board discussed his reappointment as principal and that he was not reappointed for the 1989–90 school year. He alleges he was terminated in contravention of the "Teacher Tenure Act". Sections 168.101 to 168.130. He prayed for reinstatement, recognition of his rights under the Act and other forms of relief. The trial court sustained the defendants' motion "to dismiss plaintiff's Amended Petition on the grounds that the Amended Petition fails to state a claim for relief." The court sustained that motion with the finding the plaintiff's status "is governed by Section 168.101 RSMo."

By his brief, the plaintiff contends that he was within the scope of the Teacher Tenure Act even though he was a principal from June 30, 1971, until the time of his termination. He attempts to distinguish *Fuller v. North Kansas City School Dist.*, 629 S.W.2d 404 (Mo.App.1981) by reason of the amendments of the definition of "Teacher", § 168.104(7). The defendants have joined issue and rely upon *Fuller* and *Meloy v. Reorganized School Dist., etc.*, 631 S.W.2d 933 (Mo.App.1982) and the definition of "Permanent teacher" in § 168.-104(4). For a factual basis for the debated issue, the parties refer to allegations of the initial petition and to unverified suggestions of the parties to establish the plaintiff was employed as a principal from June 30, 1971 until his termination.

This court recognizes its duty to finally dispose of the case. Rule 84.14. It is with reluctance this court determines it cannot do so. The mandate of Rule 84.14 presupposes a record upon the basis of which a final disposition of the case can be made. The function of this court is to review and dispose of cases upon the basis of issues before the trial court and this court. In considering the record and the briefs of the parties, this court cannot avoid the evident fact that under the amended petition the issue debated was not before the trial court and is not before this court.

The allegations of the initial petition cannot be considered as presenting that issue. The initial petition has been abandoned. *Ingalls v. Neufeld*, 487 S.W.2d 52 (Mo.App. 1972); *Liggett v. Liggett*, 341 Mo. 213, 108 S.W.2d 129 (1937).

■ Nor may the action of the trial court be sustained by treating the motion to dismiss the amended petition as a motion for summary judgment. The suggestions supporting and opposing that motion were not verified. Rule 74.04. See *Johns v. Continental Western Ins. Co.*, 802 S.W.2d 196 (Mo.App.1991). Nor did the trial court notify the parties it intended to treat that motion as a motion for summary judgment and give the parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04." See Rule 55.27. Also see *Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488 (Mo.App.1990); *Empiregas, Inc., of Noel v. Hoover Ball & Bearing Co.*, 507 S.W.2d 657 (Mo.1974).

■ The issues raised by a motion to dismiss for failure to state a claim are limited.

"It is sufficient here to say that a motion to dismiss on the ground of failure to state a claim or defense performs the same function which was performed by a general demurrer prior to its abolishment[.] ... Rule 55.33 raises only such objections as appear on the face of the

pleadings." *Ingalls* at 54. (Citations omitted.)

The review by this Court is similarly limited.

"In reviewing the trial court's dismissal of appellants' petition for failure to state a claim upon which relief can be granted, the sole issue to be decided is, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to appellants, whether the averments invoke principles of substantive law entitling appellants to relief. *Lowrey v. Horvath*, 689 S.W.2d 625, 626[1] (Mo. banc 1985). Thus a pleading will not be adjudged insufficient if the allegations of the petition, accorded a reasonable and fair intendment, state a claim which can call for the invocation of principles of substantive law which may entitle the plaintiff to relief." *Erslon v. Vee–Jay Cement Contr. Co.*, 728 S.W.2d 711, 712 (Mo.App.1987).

The face of the amended petition alleges the plaintiff was employed as a teacher from January 1, 1971 until his termination. Those allegations state a claim within the above rules. The judgment of the trial court is reversed and the cause is remanded.

FLANIGAN, C.J., and SHRUM, P.J., concur.