**Daryl SEALEY, Plaintiff/Appellant,**

v.

**BOARD OF EDUCATION, Parkway School District, Susan Meltz, Joy Rouse, Kent Friedman, Sue Hockensmith, Susan Miller, Phil Schreiber and Richard Wells, in their official capacities as Members of the Board of Education, Defendants/Respondents.**

No. 74471.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 27, 1999.

Rehearing Denied June 3, 1999.

Bruce C. Cohen, Feldacker & Cohen, St. Louis, for appellant.

Thomas E. Tueth, Blackwell Sanders Peper Martin, St. Louis, for respondent.

LAWRENCE G. CRAHAN, Judge.

Daryl Sealey ("Plaintiff") appeals the summary judgment entered in favor of Defendants Board of Education, Parkway School District and individual members thereof ("Board") in her action seeking a declaration that she was wrongfully terminated from her employment at the "Colts Corral" preschool program operated by Board. We affirm.

The material facts are essentially undisputed. Plaintiff was first employed by Board in June of 1994 and assigned to the "Colts Corral" preschool program located at Parkway Central High School. Plaintiff holds a teaching certificate for "Elementary, Grades K–6 and English Grades 7–9." Possession of a valid teaching certificate was required by Board as a condition of Plaintiff's employment.

The preschool program operated by Board serves non-disabled children ages two through five who are not yet in kindergarten. Board is not obligated by law to offer such a preschool program. Many school districts in Missouri do not. The preschool program is open to residents and non-residents of the district. Unlike the public schools operated by Board, parents must pay fees for their children to attend the preschool program. The preschool program is licensed and monitored by the Missouri Department of Health, not by the Missouri Department of Elementary and secondary Education which supervises Board's regular education program, Grades K–12.

By letter, Plaintiff was offered continued employment for the 1996–97 school year, which she accepted. This letter, and Plaintiff's acceptance thereof, constituted the entire contract of employment. Plaintiff was never offered and never demanded a standard teacher's contract utilized by Board for employment of teachers in the regular school system.

Near the end of the 1996–97 school year, Plaintiff received a performance review in which she was rated "needs improvement" in a number of areas. On June 26, 1997, Board's Human Resources Director wrote to Plaintiff notifying her she was terminated for unsatisfactory performance effective June 12, 1997, the end of the school year. This was the only written notice of termination given to Plaintiff.

 In her first point, Plaintiff claims that she was a "probationary teacher" within the meaning of the Teacher Tenure Act, sections 168.102–130 RSMo 1994.[1] Specifically, Plaintiff claims that Board failed to provide her with notice that she would not be retained for the coming school year by April 15, 1997, and that she was therefore "deemed to have been reappointed for the next school year, under the terms of the contract for the preceeding year" pursuant to section 168.126(3). We disagree.

The flaw in Plaintiff's first point is that she is not a "teacher" within the meaning of the Teacher Tenure Act. "Teacher" as used in the Teacher Tenure Act is specifically defined in section 168.104(7) as: "any employee of a school district, except a metropolitan school district, regularly required to be certified under laws relating to the certification of teachers, except superintendents and assistant superintendents." Although it is undisputed that Board required Plaintiff to have a valid teaching certificate as a condition of her employment, to come within the purview of section 168.104(7), the source of the certification requirement must be the statute, specifically sections 168.011, and 168.081, and not merely a requirement of the school board or employment contract. *Mitchell v. Board of Educ. of Normandy School Dist.*, 913 S.W.2d 130, 133 (Mo.App.1996). Section 168.011.1 provides:

No person shall be employed to teach in any position in a public school until he has received a valid certificate to teach in that position.

Section 168.081 provides:

After September 1, 1988, no person without a valid Missouri certificate shall:

1. Engage in the practice of teaching or the performance of education duties in grades kindergarten through twelve in any public school in the state.

2. Act as a school administrator in any public school district.

Plaintiff has not cited, nor have we independently discovered, any statutory requirement that preschool "teachers" obtain a teaching certificate.[2] Therefore, she does not come within the purview of the Teacher Tenure Act. Accordingly, Plaintiffs first point must be denied.

In her second point, Plaintiff alternatively claims that her contract was automatically renewed by reason of the Board's failure to give her notice by April 15, 1997 as required by section 168.101. Again, we disagree.

Section 168.101 provides in pertinent part:

1. In addition to the employment of teachers as provided in section 168.104, the school board or board of directors of a school district, except a metropolitan school district, may, at any regular or special meeting, contract and employ legally certificated teachers not employed as superintendent of the district and not eligible under section 168.104 to gain permanent status or tenure in the position held within the school system. The contract shall be made by the order of the board, shall specify the number of months the employee is to work and the wages per month to be paid, shall be signed by the employee and the presi-

---

1. All future statutory references are to RSMo 1994.

2. Indeed, because preschools are licensed and monitored by the Department of Health and not by the Department of Elementary and Secondary Education, it is not clear that certification as a preschool "teacher" is available.

dent of the board, or a facsimile signature of the president may be affixed at his direction, and the contract shall be attested by the secretary of the board by signature or facsimile.

2. After the original employment of a certificated employee not employed as superintendent of the district under this section, his employment shall continue in the same staff position from year to year subject to the regulations hereinafter set forth.

3. Each school board having one or more certificated employees as described in subsection 1 of this section under contract shall notify each such certificated employee in writing concerning his reemployment in his present staff position or lack thereof on or before the fifteenth day of April of the year in which the contract then in force expires. Failure on the part of a board to give the notice constitutes reemployment on the same terms and in the same staff position as those provided in the contract of the current fiscal year; and not later than the fifteenth day of May of the same year the board shall present a contract to each such certificated employee notified of reemployment by the district.

\* \* \* \*

Plaintiff argues that she is a "legally certificated teacher" employed by Board and that she is "not eligible under section 168.104 to gain permanent status or tenure in the position held within the school system." Accordingly, Plaintiff reasons, she is entitled to the protection of section 168.101.3. Plaintiff's interpretation ignores the history of section 168.101.3.

As explained in *Fuller v. North Kansas City School District*, 629 S.W.2d 404, 408 (Mo.App.1981), although not technically a part of the Teacher Tenure Act, section 168.101 overlaps the Teacher Tenure Act in some particulars and must be interpreted together with the provisions of the Act. Further, because section 168.101 was en-

acted subsequent to the Teacher Tenure Act and specifically references section 168.104, which is part of the Teacher Tenure Act, it is reasonable to construe the terms used in section 168.101 in accordance with the statutory definitions of those terms applicable to section 168.104.

■■■ Although Plaintiff has a valid teaching certificate, she is not a "legally certified *teacher*" within the meaning of section 168.101. (emphasis added). This is because mere possession of a teaching certificate, without more, does not satisfy the statutory definition of a teacher. *Mitchell,* 913 S.W.2d at 134. To be a "teacher" as defined by statute, one must *both* possess a valid certificate and perform the duties for which the statutes require a certificate. *Id.* As discussed above, there is no statutory requirement that those "teaching" in a preschool program have a certificate. Because Plaintiff was not employed by the board either to perform education duties in grades kindergarten through twelve or to act as a school administrator, she was not a "legally certificated teacher" entitled to the protection of section 168.101.

As the cases have consistently recognized, there is a class of "legally certificated teachers" who do satisfy the statutory definition of "teacher" yet are not eligible under section 168.104 to gain permanent status or tenure in the position held within the school system. Specifically, those occupying supervisory positions, including principal and assistant principal, cannot attain permanent status in their supervisory positions and, if they have not previously attained permanent teacher status before assuming such position, likewise cannot attain permanent teacher status by the performance of their supervisory duties. *Fuller,* 629 S.W.2d at 409–410; *Inman v. Reorganized School District No. II of Hayti,* 845 S.W.2d 688 (Mo.App. 1993). Our research has not disclosed a single case in which section 168.101 has been applied to anyone other than school administrators meeting the criteria set forth above.

Under Plaintiff's interpretation of section 168.101, anyone holding a valid teaching certificate, even someone who had never sought a teaching position, would be entitled to invoke the provisions of section 168.101 if they were employed by a school board in any capacity. Thus, school bus drivers, cafeteria workers, adult education teachers and myriad other non-instructional personnel who happen to hold valid teaching certificates would be entitled to invoke the procedures set forth in section 168.101 while co-workers lacking teaching certificates could not. We find nothing in the language or history of section 168.101 which suggests that this was the legislature's intent. Point denied.

Judgment affirmed.

JAMES R. DOWD, P.J., and RICHARD B. TEITELMAN, J., Concur.